UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN KOHUT,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>K. ALLISON, et al.,<br><br>　　　　　　Defendants. | Case No. 1:20-cv-01584-BAK (HBK) (PC)<br><br>ORDER GRANTING LEAVE TO FILE SECOND AMENDED COMPLAINT WITHIN THIRTY (30) DAYS<br><br>ORDER DENYING AS MOOT MOTION TO EXCEED 25-PAGE LIMIT FOR FIRST AMENDED COMPLAINT (Doc. No. 21); MOTION TO STRIKE PREVIOUS FIRST AMEND COMPLAINT AND RENEWED MOTION TO EXCEED 25-PAGE LIMIT (Doc. Nos. 23, 26); MOTION FOR LEAVE TO SUBMIT SUPPLEMENTAL PLEADINGS AS FIRST AMENDED COMPLAINT (Doc. No. 27)<br><br>ORDER DENYING RESUBMISSION OF REQUEST FOR LEAVE TO CONDUCT PRE-SERVICE DISCOVERY (Doc. No. 18); MOTION FOR IMPOSITION OF SANCTIONS (Doc. No. 20) |

Plaintiff Jonathan Kohut ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed under 42 U.S.C. § 1983. Several motions are pending before the Court. For the reasons set forth below, the Court orders Plaintiff to file a second amended complaint ("2AC"). As a result, motions concerning the first amended complaint(s) ("1AC") are denied as moot. Because no amended complaint has been screened and served, all other pending motions are denied as premature.

Case 1:20-cv-01584-BAK   Document 30   Filed 07/26/22   Page 2 of 8

## I. BACKGROUND

On November 6, 2020, Plaintiff and Andreana Winter ("Ms. Winter"), Plaintiff's former fiancé, initiated this action by filing a complaint together. (Doc. No. 1.) At all relevant times, Plaintiff was housed at Pleasant Valley State Prison ("PVSP"), and Ms. Winter was an inmate housed at Central California Women's Facility ("CCWF"). The Court screened the complaint and found that it stated cognizable First Amendment retaliation and Fourteenth Amendment due process claims against Defendants S. Van Insen, M. Anaya, and John/Jane Doe #1 and #2. (Doc. No. 11.) However, the Court severed the action brought by Ms. Winter and dismissed Defendants M. Padilla, Ollison, J. Gaona, and any John/Jane Doe #3–12, employees of CCWF who were not linked to Plaintiff Kohut's claims. (*Id.* at 10.) The Court further determined that the complaint did not state claims against California Department of Corrections and Rehabilitation ("CDCR"), K. Allison, S. Frauenheim, A. Shimmin, J. Buckley, Ollison, and John/Jane Does #3–12. (*Id.*) The Court gave Plaintiff the options of (1) filing a 1AC that cures the deficiencies identified in the screening order, (2) proceeding with the original complaint as screened, or (3) voluntarily dismissing the case. (*Id.* at 20–21.) The Court advised:

> Plaintiff is informed that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012). Thus, the amended complaint must be "complete in itself without reference to the prior or superseded pleading." L.R. 220. The Court provides Plaintiff with an opportunity to amend his complaint to cure the deficiencies identified in the Court's first screening order. However, Plaintiff may not change the nature of this suit by adding unrelated claims in an amended complaint.

(*Id.* at 20.)

## II. AMENDED COMPLAINTS

In response to the Court's first screening order of August 6, 2021, (Doc. No. 11), Plaintiff Jonathan Kohut elected to file a 1AC. (Doc. No. 13.) On February 14, 2022, Plaintiff filed a motion for leave to exceed 25 pages for his 1AC; concurrently, Plaintiff submitted a 181-page 1AC ("first 1AC") consisting of 35 pages of text and 146 pages of exhibits. (Doc. No. 22.) On May 2, 2022, Plaintiff filed a motion to strike the 1AC, a renewed request for leave to exceed the 25-page limit, and a motion for leave to file supplemental pleadings. (Doc. Nos. 23, 26, 27.)

2

1 Plaintiff lodged a 41-page 1AC and a five-page declaration in support. (Doc. No. 25, 29.) Although
2 Plaintiff requests that the Court strike the first 1AC, Plaintiff indicates that he wishes to retain the
3 exhibits attached to the first 1AC. (Doc. No. 23 at 2 n.1; *see, e.g.*, Doc. No. 25 at ¶¶ 25, 26, 29–
4 33.) As the Court cautioned, such references to the stricken 1AC are improper. *See also* L.R. 220.
5 Additionally, as proposed by Plaintiff, the operative complaint would consist of the second 1AC,
6 Plaintiff's declaration, and exhibits to the first 1AC.[1]  The three documents constituting the
7 operative complaint were filed at three different times and are located at different places in the court
8 file.  While Plaintiff appears to count only the pages of the amended complaint itself toward the
9 25-page limitation, the exhibits and Plaintiff's declaration must also be counted, for a total of 192
10 pages.
11        The Court has conducted a preliminary review of the lodged second 1AC to determine
12 whether the pleading and exhibits warrant the number of pages submitted.  Rule 8 states that
13 "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).  To ensure
14 compliance with Rule 8, courts of the Eastern District of California generally limit complaints to
15 twenty-five pages.  *See Lal v. United States*, No. 2:20-cv-00349 JAM DB P, 2022 WL 37019, at *2
16 (E.D. Cal. Jan. 3, 2022); *Williams v. Corcoran State Prison*, No. 1:21-cv-01009-JLT-BAM (PC),
17 2022 WL 1093976, at *1 (E.D. Cal. Apr. 12, 2022).  The page limit includes the complaint itself
18 and any exhibits, for a total of twenty-five pages.  *See Rivas v. Padilla*, No. 1:21-cv-00212-GSA
19 PC, 2022 WL 675704, at *2 (E.D. Cal. Mar. 7, 2022).  "[A] lengthy complaint can violate Rule 8
20 if a defendant would have difficulty responding to the complaint." *Skinner v. Lee*, 2021 U.S.
21 Dist. LEXIS 251321, 2021 WL 6617390, *2-*3 (C. D. Cal. May 20, 2021) (citing *Cafasso v.*
22 *Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011).  A district court has the
23 power to dismiss a complaint when a plaintiff fails to comply with Rules 8's pleading directives.
24 *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996); *Nevijel v. North Coast Life Ins. Co.*, 651
25 F.2d 671, 673 (9th Cir. 1981).  When the factual elements of a cause of action are not organized
26 into a short and plain statement for each particular claim, a dismissal for failure to satisfy Rule
27
28 _____
   [1] Plaintiff also filed a separate list of relief sought.  (Doc. No. 27 at 2.)

3

8(a) is appropriate. *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988); *see also Nevijel*, 651 F.2d at 674.

Under Rule 8, allegations of facts that are extraneous and not part of the factual basis for the particular constitutional claim are not permitted. *See Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013) (recognizing that Rule 8 can be violated when the plaintiff provide too much information). As an initial matter, and as further detailed below, Plaintiff's complaint fails to comply with Rule 8 due to its failure to state short and plain statements. Even with additional defendants and claims, the amended complaint and exhibits do not require or justify 192 pages or even 41 pages. Ms. Winter and her claims have been severed, without objection from Plaintiff Kohut.[2] (*See* Doc. No. 16.) The second 1AC contains excessive verbiage, legal citations, and legal argument that unnecessarily lengthen the pleading.

> Originals, or copies of evidence (i.e., prison or medical records, witness affidavits, inmate appeals, etc.) need not be submitted until the course of litigation brings the evidence into question (for example, on a motion for summary judgment, at trial, or when requested by the Court). At this point, the submission of evidence is premature as Plaintiff is only required to state a prima facie claim for relief via his factual allegations. Thus, if he chooses to amend his complaint, he need only state the facts upon which he alleges a defendant has violated his constitutional rights and should not submit exhibits.

*Applegate v. Said*, No. 1:16-cv-00289-JLT (PC), 2016 WL 6803568, at *4 (E.D. Cal. Nov. 16, 2016); *see Hernandez v. Pederio*, No. 1:16-cv-00027-DAD-SKO (PC), 2017 WL 1255941, at *3 (E.D. Cal. Jan. 27, 2017) ("The Court is not a repository for the parties' evidence. Originals, or copies of evidence . . . need not be submitted until the course of litigation brings the evidence into question (for example, on a motion for summary judgment, at trial, or when requested by the Court.")).

The Court finds that the lodged lAC fails to comply with Rule 8's directives to file "a short and plain statement of the claim" with factual allegations that are "simple, concise, and direct." Fed R. Civ. P. 8(d)(1). A total of 192 pages is unwieldy and requires the Court to devote

---

[2] Plaintiff had requested reconsideration of this ruling by the district court but later filed a notice of mootness and withdrawal of argument. (Doc. No. 16.)

4

an inordinate amount of its time and resources to screen the case as required by 28 U.S.C. § 1915A(a).  While each case presents unique facts and different legal issues, Plaintiff's claims are not complex or extraordinary in nature, and argument and exhibits are unnecessary at this stage of the proceedings.

However, to afford Plaintiff an opportunity to present factual allegations supporting his constitutional claims, the Court will allow Plaintiff to file a second amended complaint ("2AC") limited to a total of 35 pages, inclusive of exhibits.  Plaintiff may devote as many of the total 35 pages to the text of the amended complaint or exhibits as he wishes.  The Court reminds Plaintiff that "a short and plaint statement of the claim" under Rule 8 must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002).

Plaintiff's 2AC should be brief under Rule 8(a), but it must state what each named and unidentified defendant did that led to the deprivation of Plaintiff's constitutional rights.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  Factual allegations are accepted as true, but legal conclusions are not. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

The Court construes pleadings of *pro se* prisoners liberally and affords them the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted).  However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," not his legal theories. *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989).

Plaintiff is reminded that an amended complaint supersedes the original complaint. *Lacey*, 693 F.3d at 927.  The Local Rules require an amended complaint to be "complete in itself without reference to the prior or superseded pleading." L.R. 220.  Plaintiff has indicated that he intends to add allegations of events that occurred in 2021 and 2022 to establish ongoing

constitutional violations.  Therefore, Plaintiff is again cautioned that he may not change the nature of this suit by adding new, unrelated claims in the second amended complaint.  (*See* Doc. Nos. 11 at 20, 17 at 2.)  Because Plaintiff seeks to re-assert claims against defendants whom the Court determined should be dismissed, Plaintiff is advised again that the amended complaint should cure deficiencies identified in the screening order.  (*Id.*)

Because the Court orders Plaintiff to file a 2AC, Plaintiff's motions related to the 1ACs, (Doc. Nos. 21, 23, 26, 27), are denied as moot.

### III.  PRE-SERVICE DISCOVERY

Plaintiff has renewed his request for the Court's assistance in discovering the identities of the unknown defendants to expedite the progression of this case.  (Doc. No. 18.)  The circumstances of this case do not necessitate deviation from standard procedures.  At this stage of the proceedings, there is no operative complaint, and the Court must first screen the 2AC to determine if it states viable claims against these unidentified defendants.  If so, the Court will afford the Plaintiff an opportunity to conduct early discovery through a *subpoena duces tecum* to obtain relevant information from the jail.

The Court's authorization of a *subpoena duces tecum* requested by an *in forma pauperis* plaintiff is subject to limitations, however.  Because personal service of a *subpoena duces tecum* is required under Rule 45(b), "[d]irecting the Marshal's Office to expend its resources personally serving a subpoena is not taken lightly by the court." *Austin v. Winett*, No. 1:04-cv-05104-DLB PC, 2008 WL 5213414, *1 (E.D. Cal. Dec. 12, 2008); *see also* 28 U.S.C. § 1915(d).  Limitations include the relevance of the information sought, as well as the burden and expense to the non-party in providing the requested information.  Fed. R. Civ. P. 26, 45.  A motion for issuance of a *subpoena duces tecum* should be supported by clear identification of the documents sought and a showing that the records are obtainable only through the identified third party.  *See, e.g.*, *Davis v. Ramen*, No. 1:06-cv-01216-AWI-SKO (PC), 2010 WL 1948560, *1 (E.D. Cal. May 11, 2010); *Williams v. Adams*, No. 1:05-cv-00124-AWI-SMS (PC), 2010 WL 148703, *1 (E.D. Cal. Jan. 14, 2010).  The "Federal Rules of Civil Procedure were not intended to burden a non-

1 party with a duty to suffer excessive or unusual expenses in order to comply with a
2 subpoena duces tecum." *Badman v. Stark*, 139 F.R.D. 601, 605 (M.D. Pa. 1991).  Non-
3 parties are "entitled to have the benefit of this Court's vigilance" in considering these
4 factors. *Id.*

5 Plaintiff's argument that pre-service discovery will avoid the need for an additional
6 amendment is unavailing. When Plaintiff receives the information sought, he only needs to
7 substitute "John Doe" with the actual names of these defendants.   Accordingly, Plaintiff's re-
8 submitted motion to conduct pre-service discovery, (Doc. No. 18), is denied.

### IV.  IMPOSITION OF SANCTIONS

10 Plaintiff has filed an *ex parte* motion for sanctions under Rule 11(b)(1)–(3), (c).  (Doc.
11 No. 20.)  Plaintiff appears to argue that R. Godwin, as retired Warden S. Fraudeheim's
12 successor, is liable in his official capacity for constitutional violations committed by Fraudeheim,
13 Godwin, and subordinates; and Godwin is subject to a temporary restraining order.  (*Id.*)
14 Plaintiff describes an incident that occurred on December 13, 2021.  (*Id.* at 2.)  Plaintiff alleges
15 that, while at the library, Plaintiff requested 150 pages of pleading paper in order to draft
16 submissions in federal and state cases, but the librarian only provided Plaintiff 10 pages based on
17 a rule that prisoners were allotted 10 pages of pleading paper per week.  (*Id.*)  Plaintiff contends
18 that the rule unconstitutionally obstructs litigation and interferes with Plaintiff's ability to access
19 the courts.

20 As relief, Plaintiff requests the Court to "issue an order directing R. Godwin and/or his
21 agents to cease any attempts to obstruct litigation and in addition to impose an appropriate
22 sanction to effectively dissuade such acts being carried out in the future of this action." (*Id.* at
23 2.)  Without an operative complaint, however, the Court has no basis to issue such an order to a
24 non-party.  Additionally, Rule 11(c) provides: "If, after notice and a reasonable opportunity to
25 respond, the court determines that Rule 11(b) has been violated, the court may impose an
26 appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for
27 the violation." Fed. R. Civ. P. 11(c)(1).  This subsection is inapplicable because no attorney, law
28 firm, or other party has appeared in this case or made any representation to the Court in violation

of Rule 11(b). Therefore, Plaintiff's motion for Rule 11 sanctions, (Doc. No. 20), lacks merit and is denied.

Accordingly, it is ORDERED:

1. Plaintiff SHALL file a second amended complaint, not to exceed a total of 35 pages, within thirty (30) days from the date of service of this Order;
2. Plaintiff's motion to exceed 25-page limit for first amended complaint (Doc. No. 21) is DENIED AS MOOT;
3. The motion to strike previous first amend complaint and renewed motion to exceed 25-page limit (Doc. Nos. 23, 26) are DENIED AS MOOT;
4. The motion for leave to submit supplemental pleadings as first amended complaint, (Doc. No. 27), is DENIED AS MOOT;
5. Plaintiff's submission of request for leave to conduct pre-service discovery, (Doc. No. 18), is DENIED; and
6. The motion for imposition of sanctions, (Doc. No. 20), is DENIED.
7. The Clerk of Court is directed to send Plaintiff a civil rights complaint form.

**If Plaintiff fails to comply with this Order, the Court will recommend that this action be dismissed without prejudice for failure to obey a court order and failure to prosecute.**

Dated:   July 25, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

8