UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN KOHUT,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>K. ALLISON, *et al.*,<br><br>　　　　　Defendants. | Case No. 1:20-cv-01584-BAK (HBK) (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION[1]<br><br>(Doc. No. 24)<br><br>FOURTEEN-DAY OBJECTION PERIOD<br><br>ORDER TO ASSIGN DISTRICT JUDGE TO THIS ACTION |

Before the Court is Plaintiff Jonathan Kohut's ("Plaintiff") motion for a temporary restraining order and preliminary injunction filed on May 2, 2022.[2]  (Doc. No. 24.)  Plaintiff seeks an order enjoining correctional officials at Pleasant Valley State Prison from imposing practices that place limitations on special purchases and encroach on property rights secured by the First and Fourteenth Amendments of the U.S. Constitution and article I, sections 2 & 7 of the California Constitution.  (*Id.*)  For the following reasons, the undersigned recommends that the Court deny Plaintiff's request for injunctive relief.

---

[1] The undersigned submits these factual findings and recommendations to the District Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

[2] Plaintiff captioned this pleading as "Order to Show Cause/Temporary Restraining Order."  (Doc. No. 24.)

# I. BACKGROUND

Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed under 42 U.S.C. § 1983. On November 6, 2020, Plaintiff and Andreana Winter ("Ms. Winter"), Plaintiff's former fiancé, initiated this action by filing a complaint together. (Doc. No. 1.) At all relevant times, Plaintiff was housed at Pleasant Valley State Prison ("PVSP"), and Ms. Winter was an inmate housed at Central California Women's Facility ("CCWF").

The Court screened the complaint and found that it stated cognizable First Amendment retaliation and Fourteenth Amendment due process claims against Defendants S. Van Insen, M. Anaya, and John/Jane Doe #1 and #2. (Doc. No. 11.) The Court also severed Ms. Winter and her claims. (*Id.*) Plaintiff elected to file an amended complaint and lodged a first amended complaint ("1AC") on February 14, 2022. (Doc. Nos. 13, 22.)

The Court reviewed the lodged 1AC and, by separate order issued on July 26, 2022, found that it failed to comply with Rule 8 of the Federal Rules of Civil Procedure. (Doc. No. 30.) The Court ordered Plaintiff to file a second amended complaint ("2AC") within thirty days. (*Id.*) At present, there is no operative complaint in this case, and no defendant has been served.

# II. APPLICABLE LAW

Federal Rule of Civil Procedure 65 governs preliminary injunctions and temporary restraining orders. Fed. R. Civ. P. 65(a)–(b). Under this rule, the Court may issue a preliminary injunction only if the movant has given "notice to the adverse party." Fed. R. Civ. P. 65(a). Local Rule 231(d) also requires notice and submissions in support of a motion for a preliminary injunction, including (i) briefing on all legal issues implicated by the motion, (ii) affidavits supporting the motion, including affidavits addressing irreparable harm, and (iii) a proposed order. L.R. 231(d)(2)(i)–(iii).

The purpose of a temporary restraining order is to preserve the status quo before a preliminary injunction hearing may be held; its provisional remedial nature is designed to prevent irreparable loss of rights prior to judgment. *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984). Rule 65 allows for TROs to issue without notice to the adverse party or its attorney only if:

      (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

      (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1)(A)–(B). Under Local Rule 231(a), "[e]xcept in the most extraordinary of circumstances," the court will not issue a TRO in the absence of actual notice or a showing of efforts made to provide notice to the adverse party. L.R. 231(a) (citing Fed. R. Civ. P. 65(b)).

The analysis for issuance of a TRO is "substantially identical" to the analysis for a preliminary injunction. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). A preliminary injunction is "an extraordinary remedy" and may issue only if the movant establishes: (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his/her favor; (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc*., 555 U.S. 7, 20 (2008). The movant bears the burden of satisfying all four prongs. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). A preliminary injunction will not issue if the movant merely shows irreparable harm is possible; a showing of likelihood is required. *Id.* at 1131. An injunction may only be awarded upon a clear showing that the movant is entitled to relief. *Winter*, 555 U.S. at 22 (citation omitted).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. *City of L.A. v. Lyons*, 461 U.S. 95, 102 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. *Id.* Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A), which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

Furthermore, the pendency of this action does not give the Court jurisdiction over prison

3

officials in general. *Summers v. Earth Island Inst.*, 555 U.S. 488, 491–93 (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding. *Mayfield*, 599 F.3d at 969; *Summers*, 555 U.S. at 491–93.

The injunctive relief sought must relate to the claims brought in the complaint. *See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015) ("When a Plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction."). Absent a nexus between the injury claimed in the motion and the underlying complaint, the Court lacks the authority to grant Plaintiff any relief. *Id.* at 636.

The Prison Litigation Reform Act ("PLRA") imposes additional requirements on prisoner litigants seeking preliminary injunctive relief against prison officials. In such cases, "[p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2); *Villery v. Cal. Dep't of Corr.*, No. 1:15-cv-00987-DAD-BAM, 2016 WL 70326, at *3 (E.D. Cal. Jan. 6, 2016). As the Ninth Circuit has observed, the PLRA places significant limits upon a court's power to grant preliminary injunctive relief to inmates, and "operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators—no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." *Gilmore v. People of the State of Cal.*, 220 F.3d 987, 998-99 (9th Cir. 2000).

Finally, state governments have "traditionally been granted the widest latitude in the dispatch of [their] own internal affairs." *Rizzo v. Goode*, 423, U.S. 362, 378 (1976) (citations omitted). This deference applies even more strongly when the court is asked to involve itself in the administrative decisions of a prison. *See Turner v. Safely*, 482 U.S. 78, 85 (1987); *Sandin v. Conner*, 515 U.S. 472, 482–83 (1995).

### III.  DISCUSSION AND ANALYSIS

The undersigned finds Plaintiff has failed to satisfy his burden to justify issuance of a temporary restraining order or preliminary injunction directed to the officials at PVSP. On July

26, 2022, this Court entered an order requiring Plaintiff to file a second amended complaint upon a finding that Plaintiff's lodged first amended complaint failed to comply with Rule 8 of the Federal Rules of Civil Procedure. (Doc. No. 30.) Because the lodged 1AC may not proceed, no operative complaint is in effect until Plaintiff files and the Court screens the 2AC. Thus, no complaint has been served on any defendant, and no defendant has appeared in this case.

Without an operative complaint and service on defendants, there is no case or controversy before the Court. *City of L.A. v. Lyons*, 461 U.S. 95, 102 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 471 (1982). The Court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding. *Summers*, 555 U.S. at 491–93; *Mayfield*, 599 F.3d at 969. In the current posture, the Plaintiff has not established that this Court has subject matter jurisdiction over his claims or personal jurisdiction over the prospective defendants or prison officials in general. *See Zepeda v. U.S. Immigration Svc.*, 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court.").

Moreover, Plaintiff is unable to satisfy the *Winter* factors for the issuance of a preliminary injunction. *Winter*, 555 U.S. at 20. Without an operative complaint, the Court cannot find that Plaintiff has shown a likelihood of success on the merits.

The undersigned finds this is not an extraordinary circumstance warranting the issuance of a preliminary injunction and recommends the denial of Plaintiff's motion for a temporary restraining order or a preliminary injunction.

Accordingly, it is **ORDERED**:

The Clerk of Court is directed to assign a District Judge to this matter.

It is **RECOMMENDED**:

Plaintiff's motion for temporary restraining order and preliminary injunction (Doc. No. 11) be **DENIED**.

////

////

**NOTICE TO PARTIES**

These findings and recommendations will be submitted to the United States District Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these findings and recommendations, a party may file written objections with the Court.  The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations."  Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:     July 27, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE