UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN KOHUT,<br><br>        Plaintiff,<br><br>   v.<br><br>K. ALLISON, *et al.*,<br><br>        Defendants. | Case No. 1:20-cv-01584-JLT-CDB (PC)<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER**<br><br>(Docs. 32, 24) |

      The assigned magistrate judge issued findings and recommendations to deny Plaintiff's motion for a temporary restraining order and preliminary injunction. (Doc. 32). The Court found that, without an operative complaint and service on any defendant, there was no case or controversy before the Court, and Plaintiff had not established subject matter jurisdiction over the claims or personal jurisdiction over any defendant. Additionally, the Court determined that Plaintiff is unable to satisfy the factors for the issuance of a preliminary injunction, including a likelihood of success on the merits, under *Winter v. Natural Resources Defense Council, Inc*., 555 U.S. 7, 20 (2008).

      Plaintiff filed objections to the findings and recommendations, arguing that he has suffered irreparable injury in that his First Amendment Free Exercise rights have been violated, and officials' failure to comply with regulations has been ongoing and retaliatory. (Doc. 33.)[1]

---

[1] Plaintiff filed a second set of objections on September 9, 2022. The rules of procedure do not afford the parties

Plaintiff acknowledges that Defendants did not receive notice of his motion for a TRO, but Plaintiff contends that he provided informal notice through his numerous Form 602 inmate grievances. (*Id.* at 2.) As Plaintiff concedes, there is currently no operative complaint. Therefore, this Court's jurisdiction over the claims and the Defendants is not yet established.

In the alternative, Plaintiff requests that the Court screen the second amended complaint[2] prior to adopting the findings and recommendations and ruling on the motion for a TRO. (*Id.* at 4.) Even if the Court deemed it appropriate to do so, the result would not change. Among other things, it is not possible for the Court to find that the injunctive relief requested is narrowly tailored to any potential legal violation or harm alleged. As the findings and recommendations explained, (see Doc. 32 at 4), in cases brought under the Prison Litigation Reform Act, "[p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2); *Villery v. Cal. Dep't of Corr.*, No. 1:15-cv-00987-DAD-BAM, 2016 WL 70326, at *3 (E.D. Cal. Jan. 6, 2016). The second amended complaint, like the first, attempts to bring claims addressing a wide range of issues related to the ability of prisoners to send and receive mail and to purchase and receive various types of items. In his TRO request, Plaintiff asks that the Court generally "enjoin PVSP officials from foisting restrictive practices" in regard to mail and purchases, "upon those housed in the prison that are not contained in 15 CCR." (Doc 24 at 2.) This is so vague and non-specific that the Court cannot find that it is narrowly drawn in relation to the harm alleged.

According to 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and proper analysis. Thus, the Court **ORDERS**:

1. The findings and recommendations issued on July 27, 2022 (Doc. 32), are **ADOPTED IN FULL**.

---

more than one set of objections and/or responses to objections. Fed. R. Civ. P. 72(b)(2); L.R. 304(b). In accordance with these rules, the findings and recommendations afforded Plaintiff fourteen days to file objections. (Doc. 32.) Plaintiff's second objections are unauthorized and untimely.

[2] Plaintiff filed a second amended complaint on August 26, 2022, (Doc. 34), and lodged a different second amended complaint (Doc. 37) concurrently with his objections. The Court will address these pleadings by separate order.

2. Plaintiff's motion for a temporary restraining order and preliminary injunction (Doc. 24) is **DENIED**.

IT IS SO ORDERED.

Dated:   **December 13, 2022**

UNITED STATES DISTRICT JUDGE