UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN KOHUT,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>K. ALLISON, et al.,<br><br>　　　　Defendants. | Case No.: 1:20-cv-01584-JLT-CDB (PC)<br><br>**ORDER GRANTING PLAINTIFF 90 DAYS WITHIN WHICH TO IDENTIFY DOE 1 AND DOE 2** |

Plaintiff Jonathan Kohut is appearing pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. section 1983.

**I.　BACKGROUND**

Plaintiff filed his third amended complaint on July 26, 2023. (Doc. 45.)

Following screening, and in relevant part, the Court found Plaintiff states cognizable First Amendment right to send and receive mail and retaliation claims against Defendants Doe 1 and Doe 2, a Fourteenth Amendment due process violation against Defendant Doe 2, Bane Acts claim against Defendants Doe 1 and Doe 2, and state law negligence claims against Defendant Doe 1 and Doe 2. (*See* Docs. 46 & 47.)

The Court now addresses the issue of Plaintiff's need to identify Doe 1 and Doe 2 against whom his claims proceed.

//

**II.     DISCUSSION**

Defendants Doe 1 and Doe 2, both "Receiving & Release" officials, are employed at Pleasant Valley State Prison (PVSP) and are presently unknown to Plaintiff. Plaintiff alleges various federal and state law claims concerning the handling of his mail and/or packages against Defendants Doe 1 and Doe 2.

Plaintiff is advised that the United States Marshals Service cannot serve Doe defendants. Plaintiff will be required to identify Doe 1 and Doe 2 with enough information to locate these defendants for service of process. Plaintiff will be given the "'opportunity through discovery to identify the unknown (Doe) defendants.'" *Crowley v. Bannister*, 734 F.3d 967, 978 (9th Cir. 2013).

As previously noted, although Plaintiff states plausible claims against these unknown individuals, the Court will not require service at this time. The Ninth Circuit has held that where identity is unknown prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify the unknown defendants unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds. *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)). Here, it is unclear whether discovery would not uncover the identity of Doe 1 and/or Doe 2. Nor is there any indication that Plaintiff's operative complaint would be dismissed on other grounds. Thus, Plaintiff should be afforded an opportunity to discover the identities of Doe 1 and Doe 2 through limited discovery.

Initially, the Court notes Plaintiff may wish to seek the identities of Doe 1 and Doe 2 through other means. For example, Plaintiff might use a CDCR Form 22 to learn the identities of Doe 1 and Doe 2, the officials involved in the handling of Plaintiff's mail and packages during the relevant period. Plaintiff might also request copies of other relevant records that may include the actual names of Doe 1 and Doe 2. *See, e.g.*, *Thompson v. Allison*, No. 23-cv-05079-HSG, 2024 WL 4394759, at *3 (N.D. Cal. Oct. 3, 2024) ("Plaintiff may be able to obtain the names of these [John Doe] individuals by accessing his classification records or using the CDCR Form 22"). Otherwise, Plaintiff may request the Court issue a subpoena to obtain the necessary

2

1  information.

2      Rule 45 of the Federal Rules of Civil Procedure concerns subpoenas. Plaintiff is advised the Court's authorization of a subpoena duces tecum requested by an *in forma pauperis* plaintiff is subject to limitations. Because personal service of a subpoena duces tecum is required (Fed. R. Civ. P. 45(b)), "[d]irecting the Marshal's Office to expend its resources personally serving a subpoena is not taken lightly by the court." *Austin v. Winett*, No. 1:04-cv-05104-DLB PC, 2008 WL 5213414, *1 (E.D. Cal. Dec. 12, 2008); 28 U.S.C § 1915(d). Limitations include the relevance of the information sought, as well as the burden and expense to the non-party in providing the requested information. Fed. R. Civ. P. 26, 45.

    A motion for issuance of a subpoena duces tecum should be supported by clear identification of the documents sought and a showing that the records are obtainable only through the identified third party. *See, e.g.*, *Davis v. Ramen*, No. 1:06-cv-01216-AWI-SKO (PC), 2010 WL 1948560, *1 (E.D. Cal. May 11, 2010); *Williams v. Adams*, No. 1:05-cv-00124-AWI-SMS (PC), 2010 WL 148703, *1 (E.D. Cal. Jan. 14, 2010). The "Federal Rules of Civil Procedure were not intended to burden a non-party with a duty to suffer excessive or unusual expenses in order to comply with a subpoena duces tecum." *Badman v. Stark*, 139 F.R.D. 601, 605 (M.D. Pa. 1991). Non-parties are "entitled to have the benefit of the Court's vigilance" in considering these factors. *Id*.

    Finally, the Court notes that if Plaintiff has learned the names of Doe 1 and Doe 2 since filing his third amended complaint, and/or does not require a subpoena to obtain these individuals' identities, Plaintiff shall file a notice of substitution with the Court, asking to substitute that individual's actual name for Doe 1 and/or Doe 2.

### III.    CONCLUSION AND ORDER

    Accordingly, the Court **GRANTS Plaintiff ninety (90) days** in which to discover the identities of Doe 1 and Doe 2, through subpoena or otherwise, and to substitute these Defendants' actual names by filing a "notice of substitution." *See Wakefield*, 177 F.3d at 1163.

//

//

3

If, within 90 days, Plaintiff fails to file a notice of substitution that provides the actual names of Doe 1 and Doe 2, the Court will recommend dismissal, without prejudice, of Defendants Doe 1 and Doe 2.

IT IS SO ORDERED.

Dated: **June 12, 2025**

UNITED STATES MAGISTRATE JUDGE

4