UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN KOHUT,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>K. ALLISON, et al.,<br><br>　　　　　Defendants. | Case No.: 1:20-cv-01584-JLT-CDB (PC)<br><br>**ORDER REFERRING CASE TO POST-SCREENING ADR AND STAYING CASE FOR 120 DAYS**<br><br>**FORTY-FIVE (45) DAY DEADLINE** |

　　　　Plaintiff Jonathan Kohut is appearing pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. section 1983. This action proceeds on the following claims: (a) First Amendment violations against Defendants Anaya, Frauenheim, Godwin, Van Ingen, Doe #1, and Doe #2 concerning Plaintiff's right to send and receive mail; (b) First Amendment retaliation claims against Defendants Anaya, Van Ingen, and Does #1 and #2; (c) First Amendment claims concerning mail policy against Defendants Macomber, Frauenheim, Godwin, and Lemon, in their official capacities; (d) violation of Article I, Section 2, of the California Constitution against Defendant Macomber, in his official capacity; (e) Fourteenth Amendment due process violations against Defendants Anaya, Van Ingen, and Doe #2; (f) Bane Act claims against Defendants Anaya, Van Ingen, Doe #1 and Doe #2; and (g) negligence claims against Defendants Anaya, Van Ingen, Doe #1 and Doe #2.[1]

---

[1] For the purposes of identifying the Doe defendants, the Court granted Plaintiff's application for issuance of subpoenas. (*See* Docs. 48, 54 & 55.)

## I.   BACKGROUND

The Court issued its Order Finding Service Appropriate on June 12, 2025. (Doc. 49.) Defendants Anaya, Frauenheim, Godwin, Lemon, and Macomber filed a notice of intent to waive service on July 18, 2025 (Doc. 51); a notice of intent *not* to waive service was filed concerning Defendant S. Van Ingen that same date (Doc. 52).

Ultimately, on September 16, 2025, Defendant Anaya, Frauenheim, Godwin, Lemon, and Macomber filed an answer to the operative complaint. (Doc. 59).

As to Defendant Van Ingen, personal service occurred on July 25, 2025, making Van Ingen's answer due no later than August 15, 2025. (Doc. 53.) On September 4, 2025, when Defendant Van Ingen failed to file a responsive pleading, the Court issued its Order to Show Cause (OSC) Directed to Sharayah SD Van Ingen for the Failure to File a Responsive Pleading. (Doc. 58.) Defendant Van Ingen was served with the OSC at the address where personal service was effected by the United States Marshal and Van Ingen was ordered to respond to the OSC no later than September 26, 2025. (*Id*. at 2-3.) To date, Van Ingen has not appeared in this action.[2]

## II.   EARLY ALTERNATIVE DISPUTE RESOLUTION

The Court refers all civil rights cases filed by pro se inmates to Alternative Dispute Resolution ("ADR") to attempt to resolve such cases more expeditiously and less expensively.

The Court stays this action for 120 days to allow the parties to investigate Plaintiff's claims, meet and confer, and participate in an early settlement conference. The Court presumes that all post-screening civil rights cases assigned to the undersigned will proceed to a settlement conference. However, if, after investigating Plaintiff's claims and meeting and conferring, either party finds that a settlement conference would be a waste of resources, the party may opt out of the early settlement conference.

Accordingly, it is hereby **ORDERED**:

1. This action is **STAYED** for **120 days** to allow the parties an opportunity to settle their dispute before the discovery process begins. No pleadings or motions may be filed in

---

[2] Plaintiff has not requested the Court take any action following Van Ingen's failure to file a responsive pleading. *See, e.g.*, Fed. R. Civ. P. 41 & 55.

1 this case during the stay.[3] The parties shall not engage in formal discovery, but they
2 may engage in informal discovery to prepare for the settlement conference.

2. **Within 45 days** from the date of this Order, the parties SHALL file the attached notice, indicating their agreement to proceed to an early settlement conference or their belief that settlement is not achievable at this time.

3. **Within 60 days** from the date of this Order, the assigned Deputy Attorney General SHALL contact the undersigned's Courtroom Deputy Clerk at cboren@caed.uscourts.gov to schedule the settlement conference, assuming the parties agree to participate in an early settlement conference.

4. If the parties reach a settlement during the stay of this action, they SHALL file a Notice of Settlement as required by Local Rule 160.

5. The Clerk of the Court SHALL serve via email a copy of this Order to Supervising Deputy Attorney General Lawrence Bragg and ADR Coordinator Sujean Park.

6. The parties are obligated to keep the Court informed of their current addresses during the stay and the pendency of this action. Changes of address must be reported promptly in a Notice of Change of Address. *See* L.R. 182(f).

IT IS SO ORDERED.

Dated: __October 6, 2025__   _____
UNITED STATES MAGISTRATE JUDGE

---

[3] Pleadings or motions concerning Defendant Van Ingen *only* are excepted.

3

|     |     |
| --- | --- |
| 1   |     |
| 2   |     |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN KOHUT,<br><br>   Plaintiff,<br><br>   v.<br><br>K. ALLISON, et al.,<br><br>   Defendants. | Case No. 1:20-cv-01584-JLT-CDB (PC)<br><br>NOTICE REGARDING EARLY SETTLEMENT CONFERENCE |

1. The party or counsel agrees that an early settlement conference would be productive and wishes to engage in an early settlement conference.

    Yes _____        No _____

2. Plaintiff (check one):

    _____ would like to participate in the settlement conference in person.

    _____ would like to participate in the settlement conference by telephone or video conference.

Dated:

　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　Plaintiff or Counsel for Defendants