UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN KOHUT,<br><br>         Plaintiff,<br><br>    v.<br><br>K. ALLISON, et al.,<br><br>         Defendants. | Case No.: 1:20-cv-01584-JLT-CDB (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FILED OCTOBER 10, 2025**<br><br>(Doc. 63)<br><br>**ORDER DIRECTING DEFENDANTS TO SUPPLEMENT RESPONSE WITHIN 30 DAYS, AS APPROPRIATE**<br><br>**ORDER DIRECTING PLAINTIFF TO FILE A REQUEST FOR SUBSTITUTION WITHIN 60 DAYS** |

Plaintiff Jonathan Kohut is appearing pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. section 1983. This action proceeds on Plaintiff's various federal constitutional and state law claims against Defendants Anaya, Frauenheim, Doe #1, Doe #2, Godwin, Lemon, Macomber, and Van Ingen.

**I.    INTRODUCTION**

On August 14, 2025, the Court issued an Order Granting Plaintiff's Motion for Subpoena. (Doc. 55.) Relevant here, as concern the Doe defendants, the Clerk of the Court was directed to complete and issue a subpoena duces tecum directed to the litigation coordinator at Pleasant Valley State Prison (PVSP) for "information or documents" regarding (1) "the name of the individual assigned to the Investigative Services Unit on January 27, 2020, and responsible for

1  processing trust account withdrawal requests on D Facility on or about that date; and (2) the name
2  of the individual assigned to Receiving and Release during the period between June 2 and June
3  13, 2020, who returned a package originating from vendor Walkenhorst intended for Plaintiff
4  Jonathan Kohut." (*Id*. at 4.)

5  On August 27, 2025, the United States Marshals Service filed its USM-285 form
6  indicating the litigation coordinator at PVSP was personally served with a subpoena that same
7  date. (Doc. 57.)

8  On October 6, 2025, the Court issued its Order Referring Case to Post-Screening ADR
9  and Staying Case for 120 Days. (Doc. 61.) In part, the Court ordered that "[n]o pleadings or
10 motions may be filed in this case during the stay."

11 On October 10, 2025, Plaintiff filed a document titled "Plaintiff's Motion for OSC re Civil
12 Contempt Pursuant to Rule 45(g), Fed. R. Civ. P." (Doc. 63.) The motion is signed and dated, and
13 was served on, October 6, 2025. (*Id*. at 1, 10-11, 55.)

14 On November 5, 2025, when no opposition or statement of non-opposition was filed by
15 Defendants, the Court issued a minute order directing Defendants to do so no later than
16 November 10, 2025. (*See* Docket Entry 66.)

17 On November 7, 2025, Defendants filed their opposition. (Doc. 67.)

18 **II.   DISCUSSION**

19      *Plaintiff's Motion*

20 Plaintiff seeks an order to show cause directed to the litigation coordinator at PSVP
21 following that individual's response to the subpoena issued by the Court. Plaintiff contends the
22 litigation coordinator failed to comply with the Court's order because two names, rather than a
23 single name each, were provided in response to Plaintiff's two requests for the identities of the
24 Doe defendants against whom Plaintiff alleges claims. He maintains the response "effectively
25 failed to identify" the Doe defendants, fails to comply with the Court's order because the
26 litigation coordinator did not take all reasonable measures to identify those individuals, and
27 requires Plaintiff to engage in "guessing" and would reduce his ability to litigate his constitutional
28 claims.

2

***Defendants' Opposition***[1]

Defendants maintain that PVSP's litigation coordinator, J. Manderson, responded in good faith. Because Manderson was not the litigation coordinator in January or June of 2020, "Manderson contacted other individuals at the prison in an attempt to comply with the subpoena, especially in light of the request seeking specific names and information from over five-and-a-half-years ago." Based on the information he received and his investigation, Manderson's response provided four names rather than two names; he was "unable to provide a single name in response to the requests." Defendants contend Manderson's response demonstrates a good faith effort and substantial compliance. Defendants state "Manderson will review the documents [Plaintiff appended to his motion] and supplement the responses if new information is found."

***Applicable Legal Standard***

Rule 45(g) of the Federal Rules of Civil Procedure, cited by Plaintiff, states: "The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it."

Here, the Court finds no basis to issue an OSC to the litigation coordinator at PVSP or to find Manderson in contempt. Simply put, Manderson's explanation for providing two names per request, rather than a single name, is not unreasonable. Manderson sought information from others at PVSP to comply with the subpoena and to provide Plaintiff with the identities of the individuals presently named as Doe defendants in this action. The Court does not agree with Plaintiff's speculative assertions that Manderson's response was the result of any "code of silence" or desire to thwart Plaintiff's claims. Moreover, Plaintiff is not at a disadvantage because of the information provided. Plaintiff may simply substitute the four names provided for the two Doe defendants previously named and the Court will direct service of process of those

---

[1] The Court notes Defendants' explanation for their failure to respond to Plaintiff's October 10, 2025, motion — that they believed the case was stayed and that no response was required. Significantly however, Plaintiff's motion was signed, dated, and served *the same day* the Court issued its order imposing the ADR stay. Thus, while the motion was filed after the stay, the Court expected receiving Defendants' response where Plaintiff served his motion October 6, 2025, and could not have learned of the stay for several days following service of the Court's order.

3

1  individuals. Assuming all parties elect not to participate in an early settlement conference, or that
2  any early settlement conference does not result in a settlement of this action, discovery will
3  commence in this action. During discovery, Plaintiff may seek further documentation and/or
4  information that may identify the two individuals directly responsible for the constitutional
5  violations alleged by Plaintiff.

6        In sum, the Court finds Manderson substantially complied with the Order issued August
7  14, 2025.

### III.    CONCLUSION AND ORDER

9        Accordingly, for the reasons stated above, the Court **HEREBY ORDERS**:

10     1. Plaintiff's motion filed October 10, 2025 (Doc. 63) is **DENIED**;

11     2. Defendants **SHALL** supplement Manderson's response to the subpoena at issue
12        following their review of the documentation and information provided by Plaintiff, as
13        appropriate, **within 30 days**;

14     3. Plaintiff **SHALL** file a request for substitution concerning the Doe defendants,
15        substituting the actual names of the four individuals already identified by Manderson,
16        or the actual names of two individuals identified by Manderson should any
17        supplement enable Manderson to more specifically identify them, **no later than 60**
18        **days from the date of service of this Order**; and

19     4. This action remains **STAYED** pursuant to the Court's October 6, 2025, order referring
20        the matter for an early settlement conference.[2] [3]

21  IT IS SO ORDERED.

22    Dated:  **November 10, 2025**                      _____
23                                                            UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiff filed his notice indicating a desire to participate in an early settlement conference on October 17, 2025. (Doc. 65.) Defendants' notice is to be filed no later than November 20, 2025.

[3] During the stay, no pleadings or motions may be filed with the Court.