1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11  JONATHAN KOHUT,                        Case No.: 1:20-cv-01584-JLT-CDB (PC)

12              Plaintiff,                 **ORDER GRANTING PLAINTIFF'S**
                                           **REQUEST TO SUBSTITUTE PARTY**
13        v.
                                           (Doc. 70)
14  K. ALLISON, et al.,
                                           Clerk of the Court to Adjust Docket
15              Defendants.

16

17        Plaintiff Jonathan Kohut is appearing pro se and *in forma pauperis* in this civil rights

18  action pursuant to 42 U.S.C. section 1983.

19        **I.       INTRODUCTION**

20        Following screening, this action proceeds on Plaintiff's various federal constitutional and

21  state law claims against Defendants Anaya, Frauenheim, Doe 1, Doe 2, Godwin, Lemon,

22  Macomber, and Van Ingen.

23        On June 12, 2025, the Court issued an order granting Plaintiff ninety days within which to

24  identify Does 1 and 2 and to file a notice of substitution. (Doc. 48.)

25        Ultimately, following issuance and service of a subpoena (*see* Doc. 55) and an extension

26  of the relevant deadline (*see* Doc. 68), Plaintiff filed a document titled "Plaintiff's Notice/Request

27  for Substitution of Parties and Service of Process" on January 5, 2026. (Doc. 70.) The Court

28  construes the filing to be a request to substitute the actual names for the individuals sued as John

1   or Jane Doe 1 and 2 in Plaintiff's operative complaint.

2   **II.    DISCUSSION**

3       Plaintiff seeks to substitute J. Wisley and R. Ruggles for John or Jane Doe 1 and M.

4   Capello and S. Hicks for John or Jane Doe 2. (Doc. 70 at 2.)

5       Federal Rule of Civil Procedure 15(c), Relation Back of Amendments, provides:

6
7           (1) When an Amendment Relates Back. An amendment to the pleading relates back to the date of the original pleading when:

8
9           (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

10
11          (i) received such notice of the action that it will not be prejudiced in defending on the merits; and

12
13          (ii) knew or should have known that the action would have been brought against it, but for mistake concerning the proper party's identity.

14      Although Plaintiff did not submit a proposed amended complaint identifying the

15  defendants by name within the pleading as contemplated in Rule 15(c) and Local Rule 220, the

16  June 12, 2025, Order Granting Plaintiff 90 Days to Identify Doe 1 and Doe 2 did not require him

17  to do so. (*See* Doc. 48.)

18      A review of the operative third amended complaint shows Plaintiff identified John or Jane

19  Doe 1 as an official with the Institutional Security Unit (ISU) at Pleasant Valley State Prison

20  (PVSP), and John or Jane Doe 2 as a receiving and release official at PVSP. (See Doc. 45 at 2.)

21  More particularly, Plaintiff pled sufficient facts concerning those individuals' involvement in the

22  alleged First Amendment right to send and receive mail and First Amendment retaliation claims.

23  (*See* Docs. 45 & 46 [Claims 1 & 2].) Further, Plaintiff pled sufficient facts concerning John or

24  Jane Doe 2's involvement in the alleged Fourteenth Amendment due process violation. (*See id*.

25  [Claim 4].) Lastly, Plaintiff pled sufficient facts concerning John or Jane Does 1 and 2 concerning

26  their involvement in his Bane Act and state law negligence claims. (*See id*. [Claims 5 & 7].) Thus,

27  the filing of an amended complaint to merely substitute the names of John or Jane Does 1 and 2 is

28  unnecessary.

Accordingly, the third amended complaint will remain the operative complaint in this action and the Court will substitute John or Jane Doe 1 for the named defendants Plaintiff identifies as J. Wisley and/or R. Ruggles and will substitute John or Jane Doe 2 for the named defendants Plaintiff identifies as M. Capello and/or S. Hicks. *See, e.g.*, *Cantu v. Doe 1*, No. 1:20-cv-00386-HBK, 2021 WL 2822531, at *1-2 (E.D. Cal. July 7, 2021) ("Based on the foregoing, the FAC will remain the operative complaint in this action and the Court will substitute John Doe Defendants 1 and 2 for the named defendants Plaintiff identifies.") (citing *Altheide v. Williams*, No. 2:17-cv-02821-JCM-BNW, 2020 WL 42462 * 1 (D. Nev. Jan. 3, 2020) (same).

**III.    CONCLUSION AND ORDER**

Accordingly, and for the reasons stated above, **IT IS HEREBY ORDERED** that:

1.  Plaintiff's request to substitute (Doc. 70) is **GRANTED;**

2.  The Clerk of the Court is **DIRECTED** to **ADD** the following individuals to the docket for this action:

    a.  J. Wisley

    b.  R. Ruggles

    c.  M. Capello

    d.  S. Hicks; and

3.  Limited discovery is now closed. The Court will issue a separate order regarding service of process concerning the newly added defendants.

IT IS SO ORDERED.

Dated:    **January 6, 2026**

UNITED STATES MAGISTRATE JUDGE

3